UNITED STATES OF AMERICA
U.S. DISTRICT COURT - EASTERN DISTRICT OF MICHIGAN


EPIC GAMES, INC.,

             Plaintiff,                                    Case No.  2:25-CV-13148

v                                                          Hon. Terrence G. Berg

IDRIS NAHDI AND AYOB NASSER

             Defendant.

_____/

Aaron V. Burrell (P73708)                    HALL MAKLED P.C.
Davina Alean Bridges (P85597)                Hussein Bazzi P85891
Dickinson Wright PLLC                        Attorney for Defendants
500 Woodward Ave., Suite 4000                23950 Princeton St,
Detroit, MI 48226                            Dearborn, MI  48124
(313) 221-3500                               (313) 788-8888
DBridges@dickinson-wright.com                hussein@hallmakled.com
ABurrell@dickinson-wright.com

Sharae' L. Williams (P82493)
Dickinson Wright PLLC
350 S Main St, Suite 300
Ann Arbor, MI 48104
(734) 623-7075
SWilliams@dickinsonwright.com

Jacob P. Dini (attorney admission
forthcoming)
JDini@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: +1.206.359.8000

Katherine M. Dugdale (attorney
admission forthcoming)
KDugdale@ perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 1.310.788.9900

_____:_____/

**DEFENDANT AYOUB NASSER'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

NOW COMES, Defendants AYOB NASSER by and through their attorneys HALL

MAKLED, PC and in answer to the Complaint says as follows unto this Honorable Court.

**COMMON ALLEGATIONS**

1.      In answer to paragraph 1 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

2.      In answer to paragraph 2 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

3.      In answer to paragraph 3 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

4.      In answer to paragraph 4 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

5.      In answer to paragraph 5 Defendant denies same as same is untrue.

6.      In answer to paragraph 6 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

7.      In answer to paragraph 7 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

8.      In answer to paragraph 8 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

9.      In answer to paragraph 9 Defendant admits the same as true.

10.      In answer to paragraph 10 Defendant admits the same as true.

11.      In answer to paragraph 11 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

12. In answer to paragraph 12 Defendant admits the same as true.

13. In answer to paragraph 13 Defendant admits the same as true.

14. In answer to paragraph 14 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

15. In answer to paragraph 15 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

16. In answer to paragraph 16 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

17. In answer to paragraph 17 Defendant admits the same as true.

18. In answer to paragraph 18 Defendant admits the same as true.

19. In answer to paragraph 19 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

20. In answer to paragraph 20 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

21. In answer to paragraph 21 Defendant admits the same as true.

22. In answer to paragraph 22 Defendant admits the same as true.

23. In answer to paragraph 23 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

24. In answer to paragraph 24 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

25. In answer to paragraph 25 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

26. In answer to paragraph 26 Defendant admits the same as true.

27. In answer to paragraph 27 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

28. In answer to paragraph 28 Defendant admits the same as true.

29. In answer to paragraph 29 Defendant admits the same as true.

30. In answer to paragraph 30 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

31. In answer to paragraph 31 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

32. In answer to paragraph 32 Defendant admits the same as true.

33. In answer to paragraph 33 Defendant admits the same as true.

34. In answer to paragraph 34 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

35. In answer to paragraph 35 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

36. In answer to paragraph 36 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

37. In answer to paragraph 37 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

38. In answer to paragraph 38 Defendant admits the same as true.

39. In answer to paragraph 39 Defendant admits the same as true.

40. In answer to paragraph 40 Defendant admits the same as true.

41. In answer to paragraph 41 Defendant admits making multiple fortnight accounts, additionally Defendants denies providing inaccurate or incomplete information to Epic,

furthermore Defendant agrees that he used the accounts to create and publish a small number of Fortnite islands, lastly Defendant denies that they worked together to create multiple Islands in an attempt to disguise their scheme by spreading the fake engagement across multiple developer accounts and Islands.

42.     In answer to paragraph 42 Defendant denies the same as it is untrue

43.     In answer to paragraph 43 Defendant denies the same as it is untrue

44.     In answer to paragraph 44 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

45.     In answer to paragraph 45 Defendant denies the same as it is untrue

46.     In answer to paragraph 46 Defendant denies the same as it is untrue

47.     In answer to paragraph 47 Defendant denies the same as it is untrue

48.     In answer to paragraph 48 Defendant denies the same as it is untrue

49.     In answer to paragraph 49 Defendant denies artificial engagement in December 2024 but admits they received money.

50.     In answer to paragraph 50 Defendant denies the same as it is untrue

51.     In answer to paragraph 51 Defendant denies the same as it is untrue

52.     In answer to paragraph 52 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

53.     In answer to paragraph 53 Defendant denies the same as it is untrue

54.     In answer to paragraph 54 Defendant denies the same as it is untrue

55.     In answer to paragraph 55 Defendant denies the same as it is untrue

56.     In answer to paragraph 56 Defendant denies that payout amounts were attributed to artificial engagement, additionally defendant admits that he received payments in January and February of 2024.

57.     In answer to paragraph 57 Defendant denies the same as it is untrue

58.     In answer to paragraph 58 Defendant denies the same as it is untrue

59.     In answer to paragraph 59 Defendant denies the same as it is untrue

60.     In answer to paragraph 60 Defendant denies the same as it is untrue

61.     In answer to paragraph 61 Defendant denies the same as it is untrue

62.     In answer to paragraph 62 Defendant denies the same as it is untrue

63.     In answer to paragraph 63 Defendant denies the same as it is untrue

64.     In answer to paragraph 64 Defendant denies the same as it is untrue

65.     In answer to paragraph 65 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

66.     In answer to paragraph 66 Defendant denies the same as it is untrue

67.     In answer to paragraph 67 Defendant denies the same as it is untrue

68.     In answer to paragraph 68 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

**COUNT 1**
**BREACH OF CONTRACT**
**(AGAINST ALL DEFENDANTS)**

69.     In answer to paragraph 69, Defendant herein re-alleges and incorporates by reference the answers contained in paragraphs 1-68 word by word and paragraph by paragraph.

70.     In answer to paragraph 70 Defendant admits the same as true.

71.     In answer to paragraph 71 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

72.     In answer to paragraph 72 Defendant admits the same as true.

73.     In answer to paragraph 73 Defendant admits the same as true.

74.     In answer to paragraph 74 Defendant admits that he agreed to terms, additionally defendant neither admits nor denies to the balance of allegations for lack of information upon which to form a belief.

75.     In answer to paragraph 75 Defendant admits the same as true.

76.     In answer to paragraph 76 Defendant denies the same as it is untrue

77.     In answer to paragraph 77 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

## COUNT 2
## COPYRIGHT INFRINGEMENT
## (17 U.S.C § § 106, 501 et seq.)
## (AGAINST ALL DEFEDANTS)

78.     In answer to paragraph 78, Defendant herein is re-alleges and incorporates by reference the answers contained in paragraphs 1-77 word by word and paragraph by paragraph.

79.     In answer to paragraph 79 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

80.     In answer to paragraph 80 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

81.      In answer to paragraph 81 Defendant admits the same as true.

82.     In answer to paragraph 82 Defendant can neither admit nor deny for lack of information upon which to form a belief and leaves Plaintiff to its proofs.

83.     In answer to paragraph 83 Defendant denies the same as it is untrue

84.     In answer to paragraph 84 Defendant denies the same as it is untrue

85.     In answer to paragraph 85 Defendant denies the same as it is untrue

86.     In answer to paragraph 86 Defendant denies the same as it is untrue

87.     In answer to paragraph 87 Defendant denies the same as it is untrue

**COUNT III**
**FRAUD IN THE INDUCEMENT**
**(AGAINST IDRIS NAHDI)**

88.     In answer to paragraph 88, Defendant herein re-alleges and incorporates by reference the answers contained in paragraphs 1-87 word by word and paragraph by paragraph.

89.     In answer to paragraph 89, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

90.     In answer to paragraph 90, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

91.     In answer to paragraph 91, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

92.     In answer to paragraph 92, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

93.     In answer to paragraph 93, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

94.     In answer to paragraph 94, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

95.     In answer to paragraph 95, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

96.     In answer to paragraph 96, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

97.    In answer to paragraph 97, Defendant states that no response is required since this allegation is not applicable to Defendant herein.

WHEREFORE Defendant Ayob Nasser request this matter be dismissed with their cost and attorney fees, and any other relief this Court deems fair and equitable.

Respectfully Submitted,

Hall Makled PC

*/s/ Hussein S. Bazzi*
Hussein S. Bazzi (85891)
23950 Princeton street
Dearborn MI 48124
(313) 788-8888
Hussein@hallmakled.com

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

2. Any damages claimed were not caused by Defendant and are the result of independent, intervening, or superseding causes.

3. Plaintiff lacks standing to assert one or more claims alleged in the Complaint.

4. Defendant denies personal participation in or responsibility for the alleged conduct giving rise to liability.

5. Plaintiff failed to mitigate its damages, and any recovery must be reduced accordingly.

6. Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

7. Plaintiff has waived one or more rights or claims asserted in the Complaint.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to unreasonable delay.

9. Plaintiff's claims are barred under the doctrine of unclean hands due to its own improper, inequitable, or misleading conduct.

10. Plaintiff expressly or impliedly authorized, consented to, or otherwise permitted the conduct alleged.

11. To the extent Plaintiff seeks damages, Defendant is entitled to a setoff or recoupment for any amounts improperly paid, credited, or retained by Plaintiff.

12. Plaintiff's claims are barred by accord and satisfaction, to the extent any prior resolution or agreement exists.

13. To the extent Plaintiff alleges breach of contract, the contract fails for lack or failure of consideration.

14. Any alleged agreement not in writing is unenforceable under applicable statute of frauds provisions.

15. Any contract referenced by Plaintiff is void or unenforceable due to ambiguity, uncertainty, or lack of mutual assent.

16. To the extent Plaintiff alleges copyright infringement, Defendant acted pursuant to a valid license, terms of service, or platform permissions granted by Plaintiff.

17. Plaintiff's copyright claim fails because no substantial similarity exists between Plaintiff's works and the works allegedly created by Defendant.

18. Any alleged copying is de minimis and not actionable under copyright law.

19. To the extent applicable, Plaintiff's claims are barred by the Digital Millennium Copyright Act (DMCA) safe harbor provisions.

20. All tools, mechanics, or assets used by Defendant were provided, approved, or made available by Plaintiff's own development platform.

21. Plaintiff cannot establish reasonable reliance, a required element of any fraud-based claim.

22. Plaintiff's fraud claims fail under Fed. R. Civ. P. 9(b) for lack of particularity.

23. Plaintiff's fraud claims are barred because the alleged conduct arises solely from contractual obligations.

24. State-law claims are preempted by the Copyright Act to the extent they duplicate rights equivalent to §106.

25. Plaintiff's claims may be barred by applicable statutes of limitation.

26. Defendant acted at all relevant times in good faith and without the intent required for liability under Plaintiff's fraud or copyright theories.

27. To the extent any improper "artificial engagement" occurred, it was caused by third parties beyond Defendant's knowledge or control.

28. Plaintiff's damages calculation is speculative, unsupported, and not recoverable as a matter of law.

29. Defendant denies any willful infringement or intentional misconduct; any actions were inadvertent or unintentional.

30. Plaintiff failed to meet contractual or procedural conditions precedent, barring enforcement.

31. Any applicable terms of service limit or disclaim the damages Plaintiff seeks.

32. To the extent Plaintiff relies on contractual terms, such terms are unconscionable, oppressive, or unenforceable.

33. To the extent Plaintiff alleges breach of licensing terms, Plaintiff's interpretation is incorrect, unreasonable, or inconsistent with industry standards.

34. Plaintiff's own conduct contributed to, or entirely caused, any alleged losses.

35. Defendant reserves the right to assert additional affirmative defenses as discovery progresses.

Respectfully Submitted,

Hall Makled PC

*/s/ Hussein S. Bazzi*
Hussein S. Bazzi (85891)
23950 Princeton street
Dearborn MI 48124
(313) 788-8888
Hussein@hallmakled.com

**JURY DEMAND**

Defendant Ayob Nasser hereby demands a trial by jury on all issues so triable pursuant to F.R.C.P. 38.

Respectfully Submitted,

Hall Makled PC

*/s/ Hussein S. Bazzi*
Hussein S. Bazzi (85891)
23950 Princeton street
Dearborn MI 48124
(313) 788-8888
Hussein@hallmakled.com